UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD,<br><br>   Plaintiff,<br><br>v.<br><br>JUDITH LAWRENCE, et al.,<br><br>   Defendants. | Case No. 22-cv-03595-JST<br><br>**ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Re: ECF No. 20 |

On April 13, 2023, this Court issued an order to show cause why this action should not be dismissed for failure to prosecute. ECF No. 20. Plaintiff Anjali Ward was ordered to file a written response by April 26, 2023. *Id.* Ward failed to file any response.

"It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders." *Moreno v. Perkins Will, Inc.*, No. 20-cv-02082-WHO, 2020 WL 13532886, at *1 (N.D. Cal. Nov. 20, 2020). "In determining whether to dismiss a claim for failure to prosecute or comply with a court order, the [c]ourt must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants[]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first two factors weigh strongly in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Ward failed to prosecute this case for five months. ECF No. 20 (noting that opposition briefs to motions to dismiss were due on November 8 and 9, 2022, and no opposition briefs were filed as of April 13, 2023);

1  *Pagtalunan*, 291 F.3d at 642 (finding that failure to pursue case for "almost four months" weighed
2  in favor of dismissal).  The Court then granted Ward approximately two weeks to file a written
3  response to its order to show cause, and Ward failed to do so.  This failure to prosecute impedes
4  the Court from moving this case toward disposition and interferes with the Court's ability to
5  manage its docket.

6        The third factor – the risk of prejudice to defendants – also weighs in favor of dismissal.
7  "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." *Hernandez v. City*
8  *of El Monte*, 128 F.3d 393, 400 (9th Cir. 1998).  This presumption may be rebutted by "an excuse
9  for [plaintiff's] delay that is anything but frivolous." *Nealey v. Transportacion Maritima*
10 *Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980).  As Ward has proffered no excuse for her
11 failure to prosecute or failure to respond to the Court's order to show cause, she has failed to rebut
12 the presumption of prejudice.

13       The fourth factor – the availability of less drastic alternatives – also weighs in favor of
14 dismissal.  The Court entered an order to show cause warning Ward that her case was at risk of
15 dismissal, and Ward failed to respond. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
16 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result
17 in dismissal can satisfy the 'consideration of alternatives' requirement."); *Mondala v. Wells Fargo*
18 *Bank, N.A.*, No. 18-cv-01781-HSG, at *2 (N.D. Cal. June 26, 2018) (finding factor weighed in
19 favor of dismissal where "[t]he Court entered an order to show cause, expressly warning Plaintiff
20 that her case was at risk of dismissal for failure to prosecute").

21       The fifth factor – the public policy favoring disposition of cases on their merits – weighs
22 against dismissal.  "[T]he public policy favoring disposition of cases on their merits strongly
23 counsels against dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d
24 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party whose
25 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
26 progress in that direction." *Id.*  Ward has not fulfilled her responsibility to move this case forward
27 and, despite an express warning that her case was at risk of dismissal, failed to respond.  Thus,
28 while the fifth factor weighs against dismissal, it does not overcome the other four.

2

Weighing the factors, the Court finds that dismissal is appropriate.  This case is hereby dismissed with prejudice for failure to prosecute and comply with the Court's April 13 order.  The parties shall bear their own costs and the clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 2, 2023



JON S. TIGAR
United States District Judge

3